# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 14, 2007

133017

ROBERT JORDAN,
            Claimant-Appellee,

v

DEPARTMENT OF LABOR & ECONOMIC
GROWTH, UNEMPLOYMENT INSURANCE
AGENCY,
            Appellant.

SC: 133017
COA: 272634
Kent CC: 05-009850-AE

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____/

On order of the Court, the application for leave to appeal the December 12, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted. We note that a similar issue is presented in *Dykstra v Department of Labor & Economic Growth* (Docket No. 132549), which we remanded to the Court of Appeals for consideration as on leave granted by order dated September 14, 2007.

WEAVER, J., concurs and states as follows:

I concur with the order to remand this case to the Court of Appeals but write separately to state again that a justice has a duty to supply the public, and thereby future litigants, with his or her reasons for nonparticipation. Further, contrary to Justice Markman's erroneous assertion, it is my right and duty to write separately to keep the public informed of what, when, and how justices conduct the Court's business.

It will be noteworthy when Justice Markman agrees that this Court should be as forthcoming with information about a justice's reasons for deciding to participate, or not participate, in a case, just as he properly urges the Court should be with the disclosure of information about the Court's use of tax dollars. Specifically, Justice Markman recently and properly stressed the importance of this Court's duty to provide the public with full access to how tax dollars are expended:

> [T]here is no information that must be more transparent than the use of tax dollars; the public is entitled to the fullest possible access to information concerning the expenditure of tax dollars and there is no obligation upon those seeking such information to make any specific showing of need.[1]

In the matter of disqualification, transparency, rather than secrecy, is vital and is as necessary as the information pertaining to the use of tax dollars. The public has an equally important right to know a justice's reason for participation or nonparticipation in a case.

Initially, Justice Markman indicated that he was not participating in this case but he refused to provide reasons for his nonparticipation. Justice Markman has now circulated a statement providing his reasons for nonparticipation and, therefore, has complied with his constitutional obligation to provide reasons for each decision.

As I wrote over two (2) years ago (in 2005) in *Scalise v Boy Scouts of America*, 473 Mich 853, 854 (2005) (Weaver, J., dissenting):

> Const 1963, art 6, § 6, which states that "Decisions of the supreme court . . . shall be in writing and shall contain a concise statement of the facts and reasons for each decision . . ." requires that justices give written reasons for each decision.[2] There is no more fundamental purpose for the requirement that the decisions of the Court be in writing than for the decisions to be accessible to the citizens of the state. Because a justice's decision to not participate in a case can, itself, change the outcome of a case, the decision is a matter of public significance and public access and understanding regarding a justice's participation or nonparticipation is vital to the public's ability to assess the performance of the Court and the

---

[1] Statement of Justice Stephen J. Markman in a July 11, 2007 press release, Michigan Supreme Court website,

<http://www.courts.michigan.gov/supremecourt/Press/SalaryInfo.pdf> (accessed August 2, 2007).

[2] Article 6, § 6 of the 1963 Michigan Constitution states, in full:

> Decisions of the supreme court, including all decisions on prerogative writs, shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each decision and reasons for each denial of leave to appeal. When a judge dissents in whole or in part he shall give in writing the reasons for his dissent.

performance of the Court's individual justices. Thus, the highest and best reading of art 6, § 6 requires that a justice's self-initiated decision not to participate, or a challenged justice's decision to participate or not participate, should be in writing and accessible to the public.

As summarized in my dissenting statement in the order denying the motion for stay in *Grievance Administrator v Fieger,* 477 Mich 1228, 1240 (2006), I first raised the issue of justice recusal (participation or nonparticipation) over four (4) years ago when, in *In re JK,* 468 Mich 202 (2003), I had reason to examine the rules governing my own participation in that case:

> During the consideration of *In re JK*, I was informed that unwritten "traditions" governed the decision and that, MCR 2.003 the court rule concerning disqualification of all other Michigan judges, did not apply to justices of the Michigan Supreme Court. I was further informed that it was a "tradition" of the Court that the decision whether a justice would disqualify himself or herself was left to the individual justice and that no reasons for the decision whether to participate or not participate in a case were to be given.

> I concluded that these unwritten traditions and the unfettered discretion violate Michigan's Constitution, which requires justices to give written reasons for each decision, including a decision to participate in or be disqualified from a case.

My position on justice recusals has not been directed only toward any one justice. I also requested that Chief Justice Taylor provide reasons for his decision not to participate in *Neal v Dep't of Corrections,* 477 Mich 1049 (2007). Because Chief Justice Taylor refused to provide any reason for his decision not to participate, I wrote separately on this issue.[3] Also, I raised the issue of the importance of providing the reasons for

---

[3] Although I specifically requested Chief Justice Taylor's reasons for not participating in this case at the October 25, 2006, conference, he refused to provide them in writing or verbally.

My request that Chief Justice Taylor give reasons on the record for his nonparticipation is not trivial. Nor is it motivated by resentment or personal ill will. A justice has a duty to supply the parties, the public, and thereby future litigants, with his or her reasons for nonparticipation.

Where, as here, a justice decides on his own motion not to participate in a case, the justice should be accountable to the parties and the public for his decision. Chief Justice Taylor still has not given his reason for not participating in this case. While his reasons

nonparticipation to Justice Cavanagh, in *White v Hahn*, 477 Mich 1037 (2007), a case in which Justice Cavanagh's daughter represented one of the parties.[4] I also raised the issue in *People v Parsons*, 477 Mich 1065 (2007), after Justice Corrigan indicated she was not participating but did not, initially, provide reasons for her nonparticipation.[5]

A justice's decision to participate or not participate in a case implicates a bedrock principle of our judicial system—the impartiality of the judiciary. Without a record of a justice's reasons to not participate in a case, how can future litigants be guaranteed that the same reasons are not present in their cases? Moreover, how can the people of Michigan be sure that a justice is not simply refusing to work on a case to avoid some controversy that the case might involve—for example, a controversy that might call into question his or her impartiality on an issue or make reelection more difficult? The impartiality of the judiciary preserves the ethics of judicial administration, protects decision-making, and ensures the public's, and thereby future litigants', trust and confidence in the judiciary.

What are needed are clear, fair, enforceable, written, and published rules concerning the participation, nonparticipation, or disqualification of justices. Such rules would enhance the accountability of justices to the public. They would provide a way for the public to have some knowledge about how justices conduct the public's business so that the public could accurately assess the justices' performance of their duties.

---

likely support his decision to not participate, his decisions need to be in writing, on the record, and available to the parties, the public, and thereby future litigants. [*Neal, supra* at 1049 (citation omitted).]

[4] In *Hahn, supra* at 1037, I noted that Justice Cavanagh had not included his reason for recusal, but had informed me he would do so in future cases. And in fact, in *Murry v Yuchasz,* 478 Mich 851 (2007), Justice Cavanagh included a statement with the order indicating he was "not participating, due to a familial relationship with counsel of record."

Further, Justice Kelly has also indicated to me that in the future, she will request that her reasons for not participating be included with her decisions on the orders.

[5] Ultimately, Justice Corrigan did provide a statement indicating her reasons for not participating, *Parsons, supra,* 728 NW2d at 66.

Further while it appears to continue to be for *some* justices a "tradition" of this Court for a justice who disqualifies himself from a case to not give written reasons, it is a "tradition of secrecy" that must for *all* justices end now. An impartial judiciary is "ill served by casting a cloak of secrecy around the operations of the courts . . . ."[6]

MARKMAN, J., not participating, states as follows:

I do not participate in this case. However, I write to reconcile my position with that in *Dykstra v Department of Labor & Economic Growth,* Docket No. 132549, in which I do participate. Here, I do not participate because my wife was a member of the Board of Review at the time of the decision being appealed, although she did not review this case, did not participate in its consideration, and took no position on its merits. In *Dykstra*, I do participate because my wife was no longer a member of the Board of Review and had no involvement in the case.[7]

---

[6] *Scott v Flowers*, 910 F2d 201, 213 (CA 5, 1990).

[7] Once again, Justice Weaver has chosen to breach the confidentiality of this Court's deliberative process—a confidentiality that has characterized every appellate court from time immemorial. The adverse consequences of her singular conduct on the candor and fullness of discussion occurring within this process have been considerable.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 14, 2007

*Corbin R. Davis*

Clerk

d0911