No. 721. JEWELL RIDGE COAL CORPORATION *v.* LOCAL No. 6167, UNITED MINE WORKERS OF AMERICA. June 18, 1945. Petition for rehearing denied.

MR. JUSTICE JACKSON, concurring:

Since announcement of a mere denial of this petition for rehearing might be interpreted to rest upon any one of several grounds, I consider it appropriate to disclose the limited grounds on which I concur.

The unusual feature of the petition in this case is that it suggests to the Court a question as to the qualification of one of the Justices to take part in the decision of the cause. This petition is addressed to all of the Court and must either be granted or denied in the name of the Court and on the responsibility of all of the Justices. In my opinion the complaint is one which cannot properly be addressed to the Court as a whole and for that reason I concur in denying it.

No statute prescribes grounds upon which a Justice of this Court may be disqualified in any case. The Court itself has never undertaken by rule of Court or decision to formulate any uniform practice on the subject. Because of this lack of authoritative standards it appears always to have been considered the responsibility of each Justice to determine for himself the propriety of withdrawing in any particular circumstances. Practice of the Justices over the years has not been uniform, and the diversity of attitudes to the question doubtless leads to some confusion as to what the bar may expect and as to whether the action in any case is a matter of individual or collective responsibility.

There is no authority known to me under which a majority of this Court has power under any circumstances to exclude one of its duly commissioned Justices from sitting or voting in any case. As to the other and usual grounds, applications for rehearing in this Court, as in other bodies,

are addressed to the majority which promulgated the decision. This is so formulated by our Rule 33. It is always obvious that unless one or more of them is willing to reconsider his position no good can come of reargument. Hence, being in dissent, I have no voice as to rehearing, except that I continue to adhere to the dissent.

Because of these considerations I concur in denial of the petition.

MR. JUSTICE FRANKFURTER concurs in this statement.