669 N.W.2d 552 (2003)
Patricia GRAVES and Frank Amedure, Sr., as Personal Representatives of the Estate of Scott Amedure, Deceased, Plaintiffs-Appellants,
v.
WARNER BROS., Jenny Jones Show, and Telepictures, jointly and severally, Defendants-Appellees.
Docket No. 123104, COA No. 226645.
Supreme Court of Michigan.
October 10, 2003.
On order of the Court, the motion for reconsideration of this Courts order of July 17, 2003 is considered, and it is DENIED, because it does not appear that the order was entered erroneously. The motion for recusal and for an evidentiary hearing is also considered, and it is DENIED.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., would grant reconsideration and, on reconsideration, would grant leave to appeal.
MARILYN J. KELLY, J., not participating in the decision regarding the motion for recusal and for evidentiary hearing.
WEAVER, J., not participating in the decision regarding the motion to recuse Chief Justice CORRIGAN and Justices TAYLOR, YOUNG, and MARKMAN, denies the motion to recuse herself, concurs in the denial of the motion for rehearing, and states:
This Court denied leave to appeal in this case on July 17, 2003.[1] Subsequently, plaintiff filed a motion for rehearing and a motion requesting that Chief Justice Corrigan and Justices Weaver, Taylor, Young, and Markman recuse themselves from this appeal.
I concur in the Court's decision to deny the motion for rehearing, and write separately to decide the motion requesting that I recuse myself.
A challenged judge decides the motion asking for his disqualification. MCR 2.003(C)(1)(3). Therefore, even though the plaintiff's motion also asks for the recusal of Chief Justice Corrigan and Justices Taylor, Young, and Markman, the only issue before me is whether I should recuse myself from participating in this appeal. I do not decide whether my colleagues should recuse themselves or not.
Plaintiff's motion for recusal is based on the same grounds alleged in the April 16, 2003 motion filed in Gilbert v. Daimler Chrysler, Docket No. 122457 to recuse the *553 same justices. But plaintiff recognizes that the allegations pertaining to the Michigan Chamber of Commerce participating as amicus curiae in Gilbert v. Daimler Chrysler do not apply in this case.[2]
In requesting my recusal from the appeal in Gilbert v. DaimlerChrysler, plaintiff asserted only that the Michigan Chamber of Commerce, which filed a brief as amicus in that case, contributed to my campaign for reelection to the Michigan Supreme Court in 2002 and aired advertisements advocating my reelection.[3] There are no allegations in either Gilbert v. DaimlerChrysler or this case that I made or caused to be published any statements about any of the parties, their attorneys, the amicus, or issues in the case that would raise the issue of bias or prejudice on my part.
I am neither biased nor prejudiced for or against any of the parties or their attorneys in this case, and plaintiff asserts no grounds supporting my recusal from participating in this appeal. Accordingly, I deny plaintiff's motion requesting that I recuse myself from this case.
NOTES
[1] Graves v. Warner Bros., 469 Mich. 853, 666 N.W.2d 665 (2003).
[2] Footnote 1 in plaintiff's Motion for Recusal and for Evidentiary Hearing, filed with the Court August 7, 2003, states: "The only allegations in the Gilbert Motion for Recusal which do not directly apply to the present case are those pertaining to the Michigan Chamber of Commerce and it [sic] involvement in the Gilbert case as Amicus Curiae."
[3] For the full text of the allegations requesting my recusal, see my statement of reasons for denying the motion for recusal in Gilbert v. DaimlerChrysler, ___Mich. ___, 669 N.W.2d 265 (2003).