# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

January 27, 2006

126980 & (80)
127032

JOSEPH STAMPLIS and THEODORA
STAMPLIS,
      Plaintiffs-Appellees,

v

ST. JOHN HEALTH SYSTEM, d/b/a
RIVER DISTRICT HOSPITAL,
      Defendant-Appellant,
and

G. PHILLIP DOUGLASS,
      Defendant-Appellee,
and

HENRY FORD HEALTH SYSTEM, d/b/a
HENRY FORD HOSPITAL, et al
      Defendants.
_____/

SC: 126980
COA: 241801
St. Clair CC: 01-001051-NH

JOSEPH STAMPLIS and THEODORA
STAMPLIS,
      Plaintiffs-Appellees,

v

ST. JOHN HEALTH SYSTEM, d/b/a
RIVER DISTRICT HOSPITAL,
      Defendant-Appellee,
and

G. PHILLIP DOUGLASS,
      Defendant-Appellant,
and

HENRY FORD HEALTH SYSTEM, d/b/a
HENRY FORD HOSPITAL, et al
      Defendants.
_____/

SC: 127032
COA: 241801
St. Clair CC: 01-001051-NH

On December 15, 2005, the Court heard oral argument on the applications for leave to appeal the June 1, 2004 judgment of the Court of Appeals. On order of the Court, the motion to disqualify is DENIED. The applications for leave to appeal are again considered, and they are GRANTED. MCR 7.302(G)(1). The parties are directed to include among the issues briefed the impact, if any, of the 1995 amendment of MCL 600.2925d on the current viability of *Theophelis v Lansing General Hospital*, 430 Mich 473 (1988).

The Michigan Trial Lawyers Association and Michigan Defense Trial Counsel are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the questions presented in this case may move the Court for permission to file briefs amicus curiae.

KELLY, J., concurs in part and dissents in part and states as follows:

While I agree to grant leave to appeal, I do not participate in the decision to deny the motion to disqualify. I agree with Justice Weaver in urging the Court to establish a particularized procedure to handle motions to disqualify a Supreme Court Justice from participation in a case.

WEAVER, J., not participating in the decision regarding the motion to disqualify Chief Justice Taylor and Justices Corrigan, Young, and Markman, dissents and states as follows:

I am opposed to the entry of any order in this case at this time and would hold this case in abeyance until this Court publishes proposals for public comment, places the issue on a public hearing for administrative matters, resolves, and makes clear for all to know the proper procedures for handling motions for the disqualification of Supreme Court Justices from participation in a case. This Court opened an administrative file on the question on May 20, 2003, but has yet to address the matter further. See ADM 2003-26.

The question regarding the participation or nonparticipation of Justices frequently recurs and is a matter of public significance because even one Justice's decision to participate or not participate can affect the decision and outcome in a case. See *Advocacy Org for Patients & Providers v Auto Club Ins Ass'n,* 472 Mich 91 (2005) (Weaver, J., concurring).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2006

d0124

Clerk