696 N.W.2d 703 (2005)
472 Mich. 1244
GRIEVANCE ADMINISTRATOR, Petitioner-Appellant,
v.
Geoffrey N. FIEGER, Respondent-Appellee.
Docket No. 127547.
Supreme Court of Michigan.
May 27, 2005.
On order of the Court, the application for leave to appeal is considered, and it is GRANTED. The parties are directed to include among the issues to be briefed: (1) whether the Attorney Discipline Board is empowered to declare Michigan Rules of *704 Professional Conduct unconstitutional, and (2) whether it is significant that the respondent's remarks were made before the expiration of the time period for filing an application for leave to appeal to this Court in the case that was the subject of the respondent's comments. The motion for recusal and for an evidentiary hearing is also considered, and it is DENIED.
CORRIGAN, J., concurs and states as follows:
For the reasons stated in my concurring opinion in Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 472 Mich. 91, 693 N.W.2d 358 (2005), the recusal decisions of the other six members of the Court over the last two years, like Justice Weaver's 251 pre-2003 recusal decisions, comport with the Constitution and the Michigan Court Rules.
WEAVER, J., dissents and states as follows:
I oppose the entry of any order in this case at this time and would hold this case in abeyance until this Court addresses, resolves, and makes clear for all to know the proper procedures for handling motions for the recusal of Supreme Court justices from participation in a case.[1] This Court opened an administrative file on the question on May 20, 2003, but has yet to address the matter further. See ADM 2003-26.
The question regarding the participation or nonparticipation of justices frequently recurs and is a matter of public significance because even one justice's decision to participate or not participate can affect the decision and outcome in a case. As I wrote in Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 472 Mich. 91, 97-101, 693 N.W.2d 358 (2005) (Weaver, J., concurring):
A justice's nonparticipation in a case may arise in one of two ways. A justice may decide, on his own initiative, not to participate in a case, and be shown as not participating. Alternatively, a party may request the recusal of a justice from a case. Recusal is defined as "[t]he process by which a judge is disqualified on objection of either party (or disqualifies himself or herself) from hearing a lawsuit because of self interest, bias or prejudice." Black's Law Dictionary (6th ed.).
It is now clear to me that there is a right and an expectation of the people of Michigan that a justice will participate in every case unless there is a valid publicly known reason why the justice should not participate in a particular case. Traditionally, in this Court a justice's decision on whether to participate or not participate in a case has been a secret matter, and justices have not made public the reasons for that decision.... But a justice's decision whether to participate or not participate in a case and the reasons for that decision should not be governed by tradition and secrecy; they should be governed by the law, the Constitution, and the Michigan Court Rules made in conformance with the Constitution; and they should be made publicly and in writing for the record. This Court should set the highest standards for clear, fair, orderly, and public procedures.
The question whether a justice should participate or not participate in a case arises with regularity. Since May 2003, when I proposed opening an administrative file on the recusal procedure in In re JK, 468 Mich. 1239, 663 N.W.2d 918 *705 (2003), a justice has been shown as not participating, with no reason given, in at least 31 cases....
The questions raised in this and any other case in which a justice's participation or nonparticipation arises are:
1) Are individual justices bound by the requirements of art. 6, § 6 of the 1963 Michigan Constitution that states, "Decisions of the supreme court ... shall be in writing and shall contain a concise statement of the facts and reasons for each decision ..."?
2) Do the procedures regarding the disqualification of judges set forth in Michigan Court Rule 2.003 apply to Supreme Court justices?
Const. 1963, art. 6, § 6, which states that "Decisions of the supreme court ... shall be in writing and shall contain a concise statement of the facts and reasons for each decision ..." requires that justices give written reasons for each decision.3 There is no more fundamental purpose for the requirement that the decisions of the Court be in writing than for the decisions to be accessible to the citizens of the state. Because a justice's decision to not participate in a case can, itself, change the outcome of a case, the decision is a matter of public significance and public access and understanding regarding a justice's participation or nonparticipation is vital to the public's ability to assess the performance of the Court and the performance of the Court's individual justices. Thus, the highest and best reading of art. 6, § 6 requires that a justice's self-initiated decision not to participate, or a challenged justice's decision to participate or not participate, should be in writing and accessible to the public.
Further, Michigan Court Rule 2.003, which regulates the procedures for the disqualification of judges, applies to Michigan Supreme Court justices.... Michigan Court Rule 2.001 provides that the rules in chapter 2, which includes MCR 2.003, apply to all courts established by the Constitution and laws of the state of Michigan.5 The Michigan Supreme Court is a court established by the Michigan Constitution. Thus, a plain reading of the court rule shows that MCR 2.003 governs the procedures for the disqualification of Michigan Supreme Court justices.
Almost two years ago, in May 2003, this Court's longstanding failure to follow and apply MCR 2.003 to itself became apparent to me.6 As a result, I proposed an amendment of MCR 2.003 that would clarify the applicability of MCR 2.003 and bring MCR 2.003 into conformance with the requirements of Const. 1963, art. 6, § 6. The amendment I proposed requires a justice to publish in the record of the case the reason(s) for the justice's decision whether to participate or not participate in a case.7 In response to my recommendation that the Court open an administrative file and take public comments on such a rule, the Court opened an administrative file, ADM 2003-26, on May 20, 2003. But almost two years later, the Court has not yet placed the proposed amendment or the issue on any of the public hearing agendas on administrative matters held during that time. There have been five such public hearings since May 2003: September 23, 2003, January 29, 2004, May 27, 2004, September 15, 2004, and most recently January 27, 2005. Nor has the Court taken any other action regarding a clear, fair, orderly, and public procedure for the participation or nonparticipation of justices of the Supreme Court.
A justice's decision whether to participate or not participate in a case and the *706 reasons for that decision should not be governed by tradition and secrecy; they should be governed by the law, the Constitution, and the Michigan Court Rules made in conformance with the Constitution; and they should be made publicly and in writing for the record. This Court should set the highest standards for clear, fair, orderly, and public procedures.
3 Art. 6, § 6 of the 1963 Michigan Constitution states, in full:
Decisions of the supreme court, including all decisions on prerogative writs, shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal. When a judge dissents in whole or in part he shall give in writing the reasons for his dissent.
5 MCR 2.001 states:
The rules in this chapter govern procedure in all civil proceedings in all courts established by the constitution and laws of the State of Michigan, except where the limited jurisdiction of a court makes a rule inherently inapplicable or where a rule applicable to a specific court or a specific type of proceeding provides a different procedure.
6 In In re JK, 468 Mich. 1239, 663 N.W.2d 918 (2003), my participation in a case became an issue, which led me to research the procedures governing the participation and disqualification of justices.
7 See In re JK, 468 Mich. 1239, 663 N.W.2d 918 (2003).
Thus, as I concluded in Advocacy Org. for Patients & Providers, supra at 101, 693 N.W.2d 358, I conclude again by saying:
I continue to urge the Court to recognize, open for public comment, and address this ongoing need to have clear, fair, orderly, and public procedures concerning the participation or nonparticipation of justices.
NOTES
[1] The various circumstances under which a justice should be disqualified from a case continue to arise. See, e.g., Scalise v. Boy Scouts of America, Docket No. 128085.