# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 13, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

127660 & (81)

JOYCE MCDOWELL, as Personal
Representative of the estates of BLAKE
BROWN, JOYCE BROWN, and
CHRISTOPHER BROWN, deceased, and
as Conservator for JONATHON FISH,
JOANNE CAMPBELL, and JUANITA FISH,
          Plaintiff-Appellee,

v

          SC: 127660
          COA: 246294
          Wayne CC: 00-039668-NO

CITY OF DETROIT and the DETROIT
HOUSING COMMISSION,
          Defendants-Appellants.

_____/

      On December 15, 2005, the Court heard oral argument on the application for leave to appeal the November 9, 2004 judgment of the Court of Appeals. On order of the Court, the motion to disqualify is DENIED. The application for leave to appeal is again considered, and it is GRANTED. MCR 7.302(G)(1). The general issue presented is whether a fire occurring within the wall of leased premises constitutes an "intrusion" into plaintiff's leased premises sufficient to bring it within the trespass-nuisance exception to governmental immunity as discussed in *Hadfield v Oakland County Drain Commissioner*, 430 Mich 139 (1988). The parties are directed to include among the issues briefed: (1) whether, in general, a lease includes both the inner and outer walls of the leased premises, see, *e.g.*, *Forbes v Gorman*, 159 Mich 291, 294 (1909), and (2) whether the general rule was modified by the portion of the subject lease that limited the tenant's right to make "alterations or repairs or redecoration to the interior of the Premises or to install additional equipment or major appliances without the written consent of Management."

The Real Property Law Section of the State Bar of Michigan, the Michigan Association of Realtors, and the Insurance Institute of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the questions presented in this case may move the Court for permission to file briefs amicus curiae.

KELLY, J., concurring in part and dissenting in part states as follows:

While I agree to grant leave to appeal, I do not participate in the decision to deny the motion to disqualify. I agree with Justice Weaver in urging the Court to establish a particularized procedure to handle motions to disqualify a Supreme Court Justice from participation in a case.

CAVANAGH, J., would deny leave to appeal.

WEAVER, J., dissents and states as follows:

I am opposed to the entry of the order denying the motion to disqualify and granting leave to appeal in this case at this time.

I would hold this case in abeyance until this Court publishes proposals for public comment, places the issue on a public hearing for administrative matters, resolves, and makes clear for all to know the proper procedures for handling motions for the disqualification of Supreme Court Justices from participation in a case. This Court opened an administrative file on the question on May 20, 2003, but has yet to address the matter further. See ADM 2003-26.

The question regarding the participation or nonparticipation of Justices frequently recurs and is a matter of public significance because even one Justice's decision to participate or not participate can affect the decision and outcome in a case. See *Advocacy Org for Patients & Providers v Auto Club Ins Ass'n,* 472 Mich 91 (2005) (Weaver, J., concurring).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 13, 2006

d0110

Clerk