# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 6, 2007

131161

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SUE ANN MARIE ANSARI,
      Plaintiff-Appellant,

v

EDWARD D. GOLD, PATRICIA ERHART
NESSEL, and BUTZEL LONG, P.C.,
      Defendants-Appellees.

SC: 131161
COA: 263920
Oakland CC: 04-056973-NM

_____/

On order of the Court, the application for leave to appeal the February 14, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

In this case, plaintiff seeks a stay of proceedings until final disposition of pending federal litigation, wherein plaintiff's counsel initiated a lawsuit challenging the constitutionality of the Michigan Supreme Court recusal rule. See *Fieger v Ferry*, 471 F 3d 637 (CA 6, 2006).

In the recent past, plaintiff's counsel has filed numerous motions for the recusal of one or more Michigan Supreme Court Justices, either in his capacity as a party or as an attorney on behalf of his clients. Each of the prior motions for recusal has involved various allegations of claimed bias, principally stemming from Michigan Supreme Court judicial campaigns. All of the previous motions for recusal have been denied. *Graves v Warner Bros*, 469 Mich 853 (2003); *Gilbert v DaimlerChrysler Corp*, 469 Mich 883 (2003); *Harter v Grand Aerie Fraternal Order of Eagles*, 693 NW2d 381 (2005); *Grievance Administrator v Fieger*, 472 Mich 1244 (2005); *McDowell v City of Detroit*, 474 Mich 999 (2006); *Stamplis v St John Health Sys*, 474 Mich 1017 (2006); *Heikkila v North Star Trucking*, Inc, 474 Mich 1080 (2006); and *Lewis v St John Hosp*, 474 Mich 1089 (2006).

The pending motion to stay this case asserts no new basis for recusal. Rather, the motion is predicated entirely on allegations made in the previous eight motions that have been considered and denied.

As we have each done in connection with these past motions, and as Justices must do in connection with every motion for disqualification, we have each looked into our consciences in this case and concluded that we are able to accord fair, impartial and equal treatment to plaintiff's counsel and his clients.

Further, the motion is predicated on the erroneous notion that disqualification of a Justice of the Michigan Supreme Court is governed by the disqualification procedure set forth in MCR 2.003. On the contrary, this procedure has never been held applicable to disqualification of Justices. See, e.g., *Adair v State of Michigan*, 474 Mich 1027, 1043 (2006) (statement of Cavanagh, J.), 1029 n 2, (statement of Taylor, C.J., and Markman, J.); *In re JK,* 468 Mich 202, 220 (2003) (statement of Weaver, J.). Throughout its history, the disqualification procedure followed in the Michigan Supreme Court is similar to the one followed in the United States Supreme Court. See Statement of Recusal Policy, United States Supreme Court, November 1, 1993; *Laird v Tatum*, 409 US 824, 833, 837; 93 S Ct 7; 34 L Ed 2d 504 (1972); *Jewell Ridge Coal Corp v Local 6167*, 325 US 897; 65 S Ct 1550; 89 L Ed 2007 (1945) (Jackson, J., *concurring*).

There being no new asserted basis that would warrant a stay of proceedings, the motion is DENIED.

CAVANAGH, J., would grant the motion for stay.

KELLY, J., would grant the application for leave to appeal and grant the motion for stay.

WEAVER, J., dissents and states as follows:

I dissent from the participation of the majority of four, Chief Justice Taylor and Justices Corrigan, Young, and Markman in this case, where Mr. Geoffrey N. Fieger's law firm represents the plaintiff. For my reasons in detail, see my dissent in *Grievance Administrator v Fieger,* 476 Mich 231, 328-347 (2006) (Weaver J., dissenting), and my dissent to the denial of the motion for stay in *Grievance Administrator v Fieger,* 477 Mich 1228, 1231-1271 (2006) (Weaver J., dissenting).

I also dissent from the order denying plaintiff's motion for stay of proceedings pending Mr. Fieger's lawsuit in the United States District Court for the Eastern District of Michigan concerning Michigan's disqualification rules governing Supreme Court justices. See *Fieger v Ferry*, 471 F3d 637 (CA 6, 2006). I would grant the motion to stay.

Furthermore, although MCR 2.003 is inadequate and in need of reform, which reform I have urged,[1] without success for almost 4 years, this Court to undertake action and achieve, the disqualification of justices is governed by the disqualification procedure contained in MCR 2.003. Although the majority of four asserts the contrary, the past four years have exposed inconsistencies in the standards that individual justices apply to themselves when making their decision to participate, or not to participate, in a case. At times the justices have applied the court rule governing the disqualification of judges, MCR 2.003, to themselves, and at times they have not.

For example, in *Adair v Michigan,* 474 Mich 1027, 1043 (2006), Chief Justice Taylor and Justice Markman stated that "[p]ursuant to MCR 2.003(B)(6), we would each disqualify ourselves if our respective spouses were participating as lawyers in this case, or if any of the other requirements of this court rule were not satisfied." Justice Young concurred fully in this legal analysis. *Id.* at 1053. Similarly, in *Grosse Pointe Park v Michigan Municipal Liability & Prop Pool,* 473 Mich 188 (2005), then-Chief Justice Corrigan used the remittal of disqualification process of MCR 2.003(D). At other times, however, the same justices have not followed the provisions of MCR 2.003. For example, in *Gilbert v DaimlerChrysler Corp,* 469 Mich 883, 889 (2003), then-Chief Justice Corrigan and Justices Taylor, Young, and Markman denied a motion for reconsideration of the Court's order denying the motion for disqualification and did not refer the motion to the State Court Administrator for the motion to be assigned to another judge for review de novo, as would be proper under MCR 2.003(C)(3).

Assertions that justices can continue to look into their consciences and conclude they are able to accord fair, impartial, and equal treatment to parties' counsel and clients without any independent check on justices' decisions are incorrect. This method is insufficient and inadequate to meet the due process rights of parties and their counsel. Further, while it appears to continue to be for *some* justices a "tradition" of this Court for a justice who disqualifies himself or herself from a case to not give written reasons, and

---

[1] Since May 2003, I have repeatedly called for this Court to recognize, publish for public comment, place on a public hearing agenda, and address the need to have clear, fair, orderly, and public procedures concerning the participation or disqualification of justices. See, e.g., statements of Weaver, J., in *In re JK,* 468 Mich 202 (2003); *Gilbert v DaimlerChrysler Corp,* 469 Mich 883 (2003); *Advocacy Org for Patients & Providers v Auto Club Ins Ass'n*, 472 Mich 91 (2005); *McDowell v Detroit,* 474 Mich 999 (2006); *Stamplis v St John Health Sys*, 474 Mich 1017 (2006); *Heikkila v North Star Trucking, Inc,* 474 Mich 1080 (2006); *Lewis v St John Hosp,* 474 Mich 1089 (2006); *Adair v Michigan,* 474 Mich 1027 (2006); *Grievance Administrator v Fieger,* 476 Mich 231 (2006)*; Grievance Administrator v Fieger*, 477 Mich 1228 (2006); *People v Parsons*, Docket No. 132975 (2007); *Ruiz v Clara's Parlor*, Docket No. 130847 (2007); and *Neal v Dep't of Corrections*, 477 Mich ___ (Docket No. 130862, issued March 23, 2007).

to sometimes apply MCR 2.003 to himself or herself, and to sometimes not, it is a "tradition of secrecy" and inadequacy that must for *all* justices end now. An impartial judiciary is "ill served by casting a cloak of secrecy around the operations of the courts . . . ."[2]

---

[2] *Scott v Flowers*, 910 F2d 201, 213 (CA 5, 1990).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 6, 2007

*Corbin R. Davis*

Clerk

p0403