# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 14, 2007

131161(79)

SUE ANN MARIE ANSARI,
       Plaintiff-Appellant,

v

EDWARD D. GOLD, PATRICIA
ERHART NESSEL, and BUTZEL
LONG, P.C.,
       Defendants-Appellees.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131161
COA: 263920
Oakland CC: 04-056973-NM

On order of the Court, the motion for reconsideration of this Court's April 6, 2007 order is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

CAVANAGH and KELLY, JJ., would grant the motion for reconsideration.

WEAVER, J., dissents and states as follows:

I dissent from the majority's order denying plaintiff's motion for reconsideration because the plaintiff is entitled to a stay pending the resolution of attorney Geoffrey Fieger's lawsuit in the United States District Court for the Eastern District of Michigan, see *Fieger v Ferry,* 471 F3d 637 (CA 6, 2006). I would grant the motion for stay.

I further object to the continued participation of the majority of four, Chief Justice Taylor and Justices Corrigan, Young, and Markman, in this case in which Mr. Fieger's law firm represents the plaintiff. For my reasons in detail, see my dissent in *Ansari v Gold,* 477 Mich 1076 (2007), set forth in its entirety below.[1]

---

[1] WEAVER, J. (*dissenting*). I dissent from the participation of the majority of four, Chief Justice Taylor and Justices Corrigan, Young, and Markman in this case, where Mr. Geoffrey N. Fieger's law firm represents the plaintiff. For my reasons in detail, see my dissent in *Grievance*

*Administrator v Fieger*, 476 Mich 231, 328-347 (2006) (Weaver, J., dissenting), and my dissent to the denial of the motion for stay in *Grievance Administrator v Fieger*, 477 Mich 1228, 1231-1271 (2006) (Weaver, J., dissenting).

I also dissent from the order denying plaintiff's motion for stay of proceedings pending Mr. Fieger's lawsuit in the United States District Court for the Eastern District of Michigan concerning Michigan's disqualification rules governing Supreme Court justices. See *Fieger v Ferry*, 471 F3d 637 (CA 6, 2006). I would grant the motion to stay.

Furthermore, although MCR 2.003 is inadequate and in need of reform, which reform I have urged,[1] without success for almost 4 years, this Court to undertake action and achieve, the disqualification of justices is governed by the disqualification procedure contained in MCR 2.003. Although the majority of four asserts the contrary, the past four years have exposed inconsistencies in the standards that individual justices apply to themselves when making their decision to participate, or not to participate, in a case. At times the justices have applied the court rule governing the disqualification of judges, MCR 2.003, to themselves, and at times they have not.

_____

[1]Since May 2003, I have repeatedly called for this Court to recognize, publish for public comment, place on a public hearing agenda, and address the need to have clear, fair, orderly, and public procedures concerning the participation or disqualification of justices. See, e.g., statements of WEAVER, J., in *In re JK*, 468 Mich 202 (2003); *Gilbert v DaimlerChrysler Corp*, 469 Mich 883 (2003); *Advocacy Org for Patients & Providers v Auto Club Ins Ass'n*, 472 Mich 91 (2005); *McDowell v Detroit*, 474 Mich 999 (2006); *Stamplis v St John Health Sys*, 474 Mich 1017 (2006); *Heikkila v North Star Trucking, Inc*, 474 Mich 1080 (2006); *Lewis v St John Hosp*, 474 Mich 1089 (2006); *Adair v Michigan*, 474 Mich 1027 (2006); *Grievance Administrator v Fieger*, 476 Mich 231 (2006); *Grievance Administrator v Fieger*, 477 Mich 1228 (2006); *People v Parsons*, 728 NW2d 62 (2007); *Ruiz v Clara's Parlor*, 477 Mich 1044 (2007) and *Neal v Dep't of Corrections*, 477 Mich 1049 (2007).

_____

For example in *Adair v Michigan*, 474 Mich 1027, 1043 (2006), Chief Justice Taylor and Justice Markman stated that "[p]ursuant to MCR 2.003(B)(6), we would each disqualify ourselves if our respective spouses

were participating as lawyers in this case, or if any of the other requirements of this court rule were not satisfied." Justice Young concurred fully in this legal analysis. *Id* at 1053. Similarly, in *Grosse Pointe Park v Michigan Muni Liability & Prop Pool*, 473 Mich 188 (2005), then-Chief Justice Corrigan used the remittal of disqualification process of MCR 2.003(D). At other times, however, the same justices have not followed the provisions of MCR 2.003. For example, in *Gilbert v DaimlerChrysler Corp*, 469 Mich 883, 889 (2003), then-Chief Justice Corrigan and Justices Taylor, Young, and Markman denied a motion for reconsideration of the Court's order denying the motion for disqualification and did not refer the motion to the State Court Administrator for the motion to be assigned to another judge for review de novo, as would be proper under MCR 2.003(C)(3).

Assertions that justices can continue to look into their consciences and conclude they are able to accord fair, impartial, and equal treatment to parties' counsel and clients without any independent check on justices' decisions are incorrect. This method is insufficient and inadequate to meet the due process rights of parties and their counsel. Further while it appears to continue to be for *some* justices a "tradition" of this Court for a justice who disqualifies himself or herself from a case to not give written reasons, and to sometimes apply MCR 2.003 to himself or herself, and to sometimes not, it is a "tradition of secrecy" and inadequacy that must for all justices end now. An impartial judiciary is "ill served by casting a cloak of secrecy around the operations of the courts . . . ."[2]

_____

[2] *Scott v Flowers*, 910 F2d 201, 215 (CA 5, 1990).

_____

[*Ansari, supra* at 1077-1079.]



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 14, 2007

Corbin R. Davis

Clerk

d0911