# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 14, 2007

133961-2 & (92)

GEOFFREY N. FIEGER, FIEGER, FIEGER,
KENNY & JOHNSON, P.C., JOHN L. BARLOW,
JOHN L. BARLOW & ASSOCIATES
ADVERTISING, INC., and NANCY FISHER,
          Petitioners-Appellants,

v

MICHAEL A. COX, Individually and in his,
Official Capacity as ATTORNEY GENERAL,
TERRI LYNN LAND, Individually and in her
Official Capacity as SECRETARY OF STATE,
and THOMAS CAMERON,
          Respondents-Appellees.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133961, 133962
COA: 266264, 267309
Ingham CC: 05-001216-AW,
      05-001217-AS

On order of the Court, the application for leave to appeal the February 27, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

In this case, petitioners seek a recusal of Chief Justice Taylor, and Justices Corrigan, Markman, and Young.

In the recent past, petitioner Fieger has filed numerous motions for the recusal of one or more Michigan Supreme Court Justices, either in his capacity as a party or as an attorney on behalf of his clients. Each of the prior motions for recusal has involved various allegations of claimed bias, principally stemming from Michigan Supreme Court judicial campaigns. All of the previous motions for recusal have been denied. *Graves v Warner Bros*, 469 Mich 853 (2003); *Gilbert v DaimlerChrysler Corp*, 469 Mich 883 (2003); *Harter v Grand Aerie Fraternal Order of Eagles*, 693 NW2d 381 (2005); *Grievance Administrator v Fieger*, 472 Mich 1244 (2005); *McDowell v City of Detroit*, 474 Mich 999 (2006); *Stamplis v St John Health Sys*, 474 Mich 1017 (2006); *Heikkila v North Star Trucking*, Inc, 474 Mich 1080 (2006); *Lewis v St John Hosp*, 474 Mich 1089 (2006); *Johnson v Henry Ford Hosp*, 477 Mich 1098 (2007); and *Tate v City of Dearborn*, 477 Mich 1101 (2007).

The pending motion asserts no new basis for recusal. Rather, the motion is predicated entirely on allegations made in the previous ten motions that have been considered and denied.

Chief Justice Taylor and Justices Corrigan and Young state that, as we have each done in connection with these past motions, and as Justices must do in connection with every motion for disqualification, we have each looked into our consciences in this case and concluded that we are able to accord fair, impartial and equal treatment to petitioners.

Further, the motion is predicated on the erroneous notion that disqualification of a Justice of the Michigan Supreme Court is governed by the disqualification procedure set forth in MCR 2.003. On the contrary, this procedure has never been held applicable to disqualification of Justices. See, e.g., *Adair v State of Michigan*, 474 Mich 1027, 1043 (2006) (statement of Cavanagh, J.), 1029 n 2, (statement of Taylor, C.J., and Markman, J.); *In re JK,* 468 Mich 202, 220 (2003) (statement of Weaver, J.). Throughout its history, the disqualification procedure followed in the Michigan Supreme Court is similar to the one followed in the United States Supreme Court. See Statement of Recusal Policy, United States Supreme Court, November 1, 1993; *Laird v Tatum*, 409 US 824, 833, 837; 93 S Ct 7; 34 L Ed 2d 504 (1972); *Jewell Ridge Coal Corp v Local 6167*, 325 US 897; 65 S Ct 1550; 89 L Ed 2007 (1945) (Jackson, J., *concurring*).

There being no new asserted basis, the motion for recusal and for evidentiary hearing is DENIED.

CAVANAGH, J., states as follows:

I cannot participate in the decision regarding the motion for recusal and for an evidentiary hearing because current Court practices — with which I disagree — only allow the individual justice who is the subject of the motion to decide the motion. Thus, I can offer no opinion about the validity of the motion for recusal and for an evidentiary hearing that was filed.

WEAVER, J., dissents and states as follows:

I dissent from the participation of Chief Justice Taylor and Justices Corrigan and Young in this case in which Mr. Geoffrey N. Fieger is a party.[1] For my reasons in detail, see my dissent in *Grievance Administrator v Fieger,* 476 Mich 231, 328-347 (2006) (Weaver J., dissenting), and my dissent to the denial of the motion for a stay in *Grievance Administrator v Fieger,* 477 Mich 1228, 1231-1271 (2006) (Weaver, J., dissenting).

---

[1] I note that Justice Markman has properly decided not to participate in this case and has also complied with his constitutional duty to provide reasons for his nonparticipation. Const 1963, art 6, § 6.

Furthermore, although MCR 2.003 is inadequate and in need of reform, which reform I have urged[2] this Court to undertake for almost four years, without success, the disqualification of justices is nonetheless governed by the disqualification procedure contained in MCR 2.003. Although the majority of four asserts the contrary, the past four years have exposed inconsistencies in the standards that individual justices apply to themselves when making the decision to participate, or not to participate, in a case. At times the justices have applied the court rule governing the disqualification of judges, MCR 2.003, to themselves,[3] and at times they have not.

For example, in *Adair v Michigan,* 474 Mich 1027, 1043 (2006), Chief Justice Taylor and Justice Markman stated that "[p]ursuant to MCR 2.003(B)(6), we would each disqualify ourselves if our respective spouses were participating as lawyers in this case, or if any of the other requirements of this court rule were not satisfied." Justice Young concurred fully in this legal analysis. *Id.* at 1053. Similarly, in *Grosse Pointe Park v Michigan Muni Liability & Prop Pool,* 473 Mich 188 (2005), Justice Corrigan used the remittal of disqualification process of MCR 2.003(D). At other times, however, the same justices have not followed the provisions of MCR 2.003. For example, in *Gilbert v DaimlerChrysler Corp,* 469 Mich 883, 889 (2003), then-Chief Justice Corrigan and

---

[2] Since May 2003, I have repeatedly called for this Court to recognize, publish for public comment, place on a public hearing agenda, and address the need to have clear, fair, orderly, and public procedures concerning the participation or disqualification of justices. See, e.g., my statements and opinions in *Gilbert v DaimlerChrysler Corp*, 469 Mich 883 (2003); *Advocacy Org for Patients & Providers v Auto Club Ins Ass'n*, 472 Mich 91, 96 (2005); *McDowell v Detroit*, 474 Mich 999, 1000 (2006); *Stamplis v St John Health Sys*, 474 Mich 1017 (2006); *Adair v Michigan,* 474 Mich 1027, 1044 (2006); *Heikkila v North Star Trucking, Inc,* 474 Mich 1080, 1081 (2006); *Lewis v St John Hosp*, 474 Mich 1089 (2006); *People v Parsons,* 728 NW2d 62 (2007); *Ruiz v Clara's Parlor, Inc*, 477 Mich 1044 (2007); *Neal v Dep't of Corrections,* 477 Mich 1049 (2007); *State Automobile Mut Ins Co v Fieger,* 477 Mich 1068, 1070 (2007); *Ansari v Gold,* 477 Mich 1076, 1077 (2007); *Short v Antonini,* 729 NW2d 218, 219 (2007); *Flemister v Traveling Med Services, PC,* 729 NW2d 222, 223 (2007); *Johnson v Henry Ford Hosp,* 477 Mich 1098, 1099 (2007); *Tate v City of Dearborn,* 477 Mich 1101, 1102 (2007); and *Jordan v Department of Labor & Economic Growth*, ___ Mich___ (Docket # 133017) (2007).

[3] Most recently, in *People v Parsons, supra* at 66-67 and n 10, and after my urging, Justice Corrigan disclosed in her statement of nonparticipation that her son was working for the law firm retained by the defendant, that she was personally biased in favor of her son, and, further, that there was a "distinct likelihood" that she had "extrajudicial knowledge of this very case." Accordingly, under both MCR 2.003(B)(1) and (2), it was appropriate for Justice Corrigan to disqualify herself from hearing the case.

Justices Taylor, Young, and Markman denied a motion for reconsideration of the Court's order denying the motion for disqualification and did not refer the motion to the State Court Administrator for the motion to be assigned to another judge for review de novo, as would be proper under MCR 2.003(C)(3).

Assertions that justices can continue to look into their consciences and conclude they are able to accord fair, impartial, and equal treatment to the parties and their counsel without any independent check on the justices' decisions are incorrect. This method is insufficient and inadequate to meet the due process rights of parties and their counsel. Further, while it appears to continue to be for *some* justices a "tradition" of this Court for a justice who disqualifies himself or herself from a case to not give written reasons, and to sometimes apply MCR 2.003 to himself or herself, and to sometimes not, it is a "tradition of secrecy" and inadequacy that must for *all* justices end now. An impartial judiciary is "ill served by casting a cloak of secrecy around the operations of the courts . . . ."[4]

KELLY, J., states as follows:

I do not participate in the decision regarding the motion for recusal. The Court's established procedure is to leave the decision to the discretion of the challenged justice. However, I continue to urge the Court to establish and put in writing a better procedure to handle motions to disqualify a Supreme Court justice from participation in a case.

MARKMAN, J., states as follows:

I will not participate in this case because it directly pertains to the Attorney General's investigation of petitioners' financial conduct undertaken in connection with my reelection campaign in 2004.

---

[4] *Scott v Flowers*, 910 F2d 201, 213 (CA 5, 1990).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 14, 2007

*Corbin R. Davis*

Clerk

d0911