# Order

Michigan Supreme Court
Lansing, Michigan

October 19, 2007

132792(63)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

AMYRUTH L. COOPER, by her Next Friend,
SHARON L. STROZEWSKI, and LORALEE
A. COOPER, by her Next Friend, SHARON L.
STROZEWSKI,
        Plaintiffs-Appellants,

v

AUTO CLUB INSURANCE ASSOCIATION,
        Defendant-Appellee.

SC: 132792
COA: 261736
Washtenaw CC: 03-000367-NF

_____/

On order of the Court, the motion for recusal is considered and it is DENIED.

WEAVER, J., states as follows:

I object to Justice Young's failure to state his reasons for denying plaintiff's motion for Justice Young's recusal and write separately to again state that a justice has a duty to supply the public, and thereby future litigants, with his or her reasons for nonparticipation.

As I wrote over two years ago in *Scalise v Boy Scouts of America*, 473 Mich 853, 854 (2005) (Weaver, J., dissenting):

> Const 1963, art 6, § 6, which states that "Decisions of the supreme court . . . shall be in writing and shall contain a concise statement of the facts and reasons for each decision . . ." requires that justices give written reasons for each decision.[1] There is no more fundamental purpose for the

_____

[1] Article 6, § 6 of the 1963 Michigan Constitution states, in full:

> Decisions of the supreme court, including all decisions on prerogative writs, shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of

requirement that the decisions of the Court be in writing than for the decisions to be accessible to the citizens of the state. Because a justice's decision to not participate in a case can, itself, change the outcome of a case, the decision is a matter of public significance and public access and understanding regarding a justice's participation or nonparticipation is vital to the public's ability to assess the performance of the Court and the performance of the Court's individual justices. Thus, the highest and best reading of art 6, § 6 requires that a justice's self-initiated decision not to participate, or a challenged justice's decision to participate or not participate, should be in writing and accessible to the public.

As summarized in my dissenting statement in the order denying the motion for stay in *Grievance Administrator v Fieger,* 477 Mich 1228, 1240 (2006), I first raised the issue of justice recusal (participation or nonparticipation) over four years ago when, in *In re JK,* 468 Mich 202 (2003), I had reason to examine the rules governing my own participation in that case:

> During the consideration of *In re JK*, I was informed that unwritten "traditions" governed the decision and that MCR 2.003, the court rule concerning disqualification of all other Michigan judges, did not apply to justices of the Michigan Supreme Court. I was further informed that it was a "tradition" of the Court that the decision whether a justice would disqualify himself or herself was left to the individual justice and that no reasons for the decision whether to participate or not participate in a case were to be given.
>
> I concluded that these unwritten traditions and the unfettered discretion violate Michigan's Constitution, which requires justices to give written reasons for each decision, including a decision to participate in or be disqualified from a case.

A justice's decision to participate or not participate in a case implicates a bedrock principle of our judicial system—the impartiality of the judiciary. Without a record of a justice's reasons to not participate in a case, how can future litigants be guaranteed that the same reasons are not present in their cases? Moreover, how can the people of Michigan be sure that a justice is not simply refusing to work on a case to avoid some controversy that the case might involve—for example, a controversy that might call into question his or her impartiality on an issue or make reelection more difficult? The impartiality of the judiciary preserves the ethics of judicial administration, protects decision-making, and ensures the public's, and thereby future litigants', trust and confidence in the judiciary.

---

leave to appeal. When a judge dissents in whole or in part he shall give in writing the reasons for his dissent.

What are needed are clear, fair, enforceable, written, and published rules concerning the participation, nonparticipation, or disqualification of justices. Such rules would enhance the accountability of justices to the public. They would provide a way for the public to have some knowledge about how justices conduct the public's business so that the public could accurately assess the justices' performance of their duties.

As I have urged previously, although MCR 2.003 is inadequate and in need of reform, which reform I have urged this Court to undertake action and achieve without success for over four years,[2] the disqualification of justices is governed by the disqualification procedure contained in MCR 2.003. Although the majority of four asserts the contrary, the past four years have exposed inconsistencies in the standards that individual justices apply to themselves when making their decision to participate, or not to participate, in a case. At times the justices have applied the court rule governing the disqualification of judges, MCR 2.003, to themselves, and at times they have not.

For example in *Adair v Michigan*, 474 Mich 1027, 1043 (2006), Chief Justice Taylor and Justice Markman stated that "[p]ursuant to MCR 2.003(B)(6), we would each disqualify ourselves if our respective spouses were participating as lawyers in this case, or if any of the other requirements of this court rule were not satisfied." Justice Young concurred fully in this legal analysis. *Id.* at 1053. Similarly, in *Grosse Pointe Park v Michigan Muni Liability & Prop Pool*, 473 Mich 188 (2005), then-Chief Justice Corrigan used the remittal of disqualification process of MCR 2.003(D). At other times, however, the same justices have not followed the provisions of MCR 2.003. For example, in *Gilbert v DaimlerChrysler Corp*, 469 Mich 883 (2003), then-Chief Justice Corrigan and Justices Taylor, Young, and Markman denied a motion for reconsideration of the Court's

---

[2] Since May 2003, I have repeatedly called for this Court to recognize, publish for public comment, place on a public hearing agenda, and address the need to have clear, fair, orderly, and public procedures concerning the participation or disqualification of justices. See, e.g., statement or opinion by Weaver, J., in *In re JK*, 468 Mich 202, 219 (2003); *Gilbert v DaimlerChrysler Corp*, 469 Mich 883 (2003); *Advocacy Org for Patients & Providers v Auto Club Ins Ass'n*, 472 Mich 91 (2005); *McDowell v Detroit*, 474 Mich 999, 1000 (2006); *Stamplis v St John Health Sys*, 474 Mich 1017 (2006); *Heikkila v North Star Trucking, Inc*, 474 Mich 1080 (2006); *Lewis v St John Hosp*, 474 Mich 1089 (2006); *Adair v Michigan*, 474 Mich 1027, 1044 (2006); *Grievance Administrator v Fieger*, 476 Mich 231, 328 (2006); *Grievance Administrator v Fieger*, 477 Mich 1228, 1231 (2006); *People v Parsons*, 728 NW2d 62 (2007); *Ruiz v Clara's Parlor*, 477 Mich 1044 (2007); *Neal v Dep't of Corrections*, 477 Mich 1049 (2007); *State Auto Mutual Ins v Fieger,* 477 Mich 1068, 1070 (2007); *Ansari v Gold,* 477 Mich 1076, 1077 (2007); *Short v Antonini,* 729 NW2d 218 (2007); *Flemister v Traveling Med Svcs, PC,* 729 NW2d 222, 223 (2007); *McDowell v Detroit,* 477 Mich 1079, 1084 (2007); *Johnson v Henry Ford Hosp,* 477 Mich 1098, 1099 (2007); *Tate v Dearborn,* 477 Mich 1101, 1102 (2007); *Dept of Labor v Jordan,* Docket No. 133017 (2007).

order denying the motion for disqualification and did not refer the motion to the State Court Administrator for assignment to another judge for review de novo, as would be proper under MCR 2.003(C)(3).

Assertions that justices can continue to look into their consciences and conclude they are able to accord fair, impartial, and equal treatment to parties' counsel and clients without any independent check on justices' decisions are incorrect. This method is insufficient and inadequate to preserve the due process rights of parties and their counsel. Further, while it appears to continue to be for some justices a "tradition" of this Court for a justice who disqualifies himself or herself from a case to not give written reasons, and to sometimes apply MCR 2.003 to himself or herself, and to sometimes not, it is a "tradition of secrecy" and inadequacy that must for all justices end now. An impartial judiciary is "ill served by casting a cloak of secrecy around the operations of the courts . . . ."[3]

KELLY, J., states as follows:

I do not participate in the decision regarding the motion for recusal. The Court's established procedure is to leave the decision to the discretion of the challenged justice. However, I continue to urge the Court to establish and put in writing a better procedure to handle motions to disqualify a Supreme Court justice from participation in a case.

CAVANAGH, J., joins the statement of KELLY, J.

---

[3] *Scott v Flowers*, 910 F2d 201, 213 (CA 5, 1990).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 19, 2007

Clerk

p1016