WEAVER, J.
I agree with Justice Hathaway’s denial of the recusal motion because due process is not violated in this case.
*48 I take this opportunity to provide some history on the issue of disqualification in this Court. Since 2003,1 have raised the issue of the need for clear, written, and fair disqualification rules for Michigan Supreme Court justices,[1] but the “majority of four” (former Chief Justice Taylor and Justices CORRIGAN, YOUNG, and MARKMAN) refused to address the issue. When this Court looked at the issue of disqualification in 2006, the “majority of four” refused to publish proposed disqualification rules formulated by members of this Court.
In March of this year, after former Chief Justice TAYLOR’s removal from this Court as a result of his overwhelming defeat in the 2008 election, the “remaining three” (Justices CORRIGAN, YOUNG, and MARKMAN) voted against publishing proposed rules for disqualification. Fortunately, a majority voted in March to publish, for public comment until August 1, 2009, *49 three proposals for rules of disqualification[2] 3to be considered at a public hearing later in 2009. Of the proposals published by this Court in March, I note that Alternative C sufficiently provides the due process protections laid out by the United States Supreme Court in the recent decision of Caperton v A T Massey Coal Co, Inc, 556 US _; 129 S Ct 2252; 173 L Ed 2d 1208 (2009).
I also note that the United States Supreme Court’s Caperton[3] discussion of disqualification with regard to campaign contributions for justice elections raises further issues with regard to due process concerns. Currently, this Court has no rules providing for a justice’s disclosure of campaign contributions when parties to cases, or the parties’ immediate family members, contribute significant amounts of money, directly or indirectly, to a justice’s campaign.[4] Hopefully this Court, the Legislature, and/or the public will create disclosure rules that will ensure the protection of due process rights.

 See, e.g., the statements or opinions by WEAVER, J., in In re JK, 468 Mich 202, 219 (2003); Gilbert v DaimlerChrysler Corp, 469 Mich 883 (2003); Advocacy Org for Patients & Providers v Auto Club Ins Ass’n, 472 Mich 91, 96 (2005); McDowell v Detroit, 474 Mich 999, 1000 (2006); Stamplis v St John Health Sys, 474 Mich 1017 (2006); Heikkila v North Star Trucking, Inc, 474 Mich 1080, 1081 (2006); Lewis v St John Hosp, 474 Mich 1089 (2006); Adair v Michigan, 474 Mich 1027, 1044 (2006); Grievance Administrator v Fieger, 476 Mich 231, 328 (2006); Grievance Administrator v Fieger, 477 Mich 1228, 1231 (2006); People v Parsons, 728 NW2d 62 (2007); Ruiz v Clara’s Parlor, Inc, 477 Mich 1044 (2007); Neal v Dep’t of Corrections, 477 Mich 1049 (2007); State Automobile Mut Ins Co v Fieger, 477 Mich 1068, 1070 (2007); Ansari v Gold, 477 Mich 1076, 1077 (2007); Short v Antonini, 729 NW2d 218, 219 (2007); Flemister v Traveling Med Services, PC, 729 NW2d 222, 223 (2007); McDowell v Detroit, 477 Mich 1079, 1084 (2007); Johnson v Henry Ford Hosp, 477 Mich 1098, 1099 (2007); Tate v City of Dearborn, 477 Mich 1101, 1102 (2007); Dep’t of Labor & Economic Growth v Jordan, 480 Mich 869 (2007); Cooper v Auto Club Ins Ass’n, 739 NW2d 631 (2007); and Citizens Protecting Michigan’s Constitution v Secretary of State, 482 Mich 960 (2008).
Also see my personally funded website, www.justiceweaver.com.

 These three proposals are the same proposals that the “majority of four” refused to publish in 2006.

 Justices Corrigan and Young and former Chief Justice Taylor filed an amicus curiae brief in the Caperton case in opposition to the plaintiff Caperton’s ultimately successful appeal.

 Beyond due process issues involving campaign contributions, I further note that this Court does not have rules ensuring due process by requiring disclosure by justices of their former representation as attorneys of parties appearing before the Court, regardless of how far in the past the representation may have been.