# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 6, 2009

137221-3

JOSEPHINE WILSON, as Personal
Representative of the ESTATE OF RONALD
WILSON, Deceased,
        Plaintiff-Appellee,

v

MARY KEIM, CRNA,
        Defendant-Appellant,

and

HENRY FORD HEALTH SYSTEM,
d/b/a HENRY FORD HOSPITAL, and
S. GOVINDASWAMY, M.D.,
        Defendants.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137221-3
COA: 275997; 276022; 276446
Wayne CC: 03-330454-NH

On order of the Court, the application for leave to appeal the July 24, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court prior to the completion of the proceedings ordered by the Court of Appeals.

MARKMAN, J. (*concurring*).

I write separately because I believe, contrary to the Court of Appeals, plaintiff's notice of intent is insufficient under MCL 600.2912b. Plaintiff's statement regarding proximate cause simply stated that "[h]ad [defendants] followed the standard of care . . . [plaintiff's decedent] would not have sustained the cardiac arrest" that caused his death. This statement is similar to the one that this Court found deficient in *Boodt v Borgess Med Ctr*, 481 Mich 558, 560 (2008). "'[I]t is not sufficient under [§ 2912b(4)(e)] to merely state that defendants' alleged negligence caused an injury.'" *Id*. Rather, MCL 600.2912b(4)(e) requires the notice to state the "manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice."

Nonetheless, I concur in the result here because I believe defendant waived any objection to the notice by not raising an objection until the middle of trial. In *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 67 (2002), this Court held that a defendant could effectively waive an objection to a deficient notice by failing to "invoke the pertinent statute of limitations after a plaintiff files suit." MCR 2.111(F)(3) requires a party to "state the facts constituting" a statute of limitations defense in its answer or response to the plaintiff's complaint. By failing to properly invoke the statute of limitations until the middle of trial, I believe defendant has waived any objection.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 6, 2009

_____
Clerk

d0303