

S T A T E   O F   M I C H I G A N

SUPREME COURT

ANTHONY PELLEGRINO, as Personal
Representative of the Estate of SHIRLEY
ANN PELLEGRINO, Deceased, and
ANTHONY PELLEGRINO, individually,

       Plaintiff-Appellee,

v                                                                        No. 137111

AMPCO SYSTEMS PARKING,

       Defendant-Appellant.

---

**Statement of Justice Young Denying Plaintiff's Motion to Disqualify**
**November 18, 2009**

YOUNG, J.  After careful consideration of the plaintiff's motion for recusal, I deny

the motion.   I am deciding this motion under this Court's current and traditional rules of

disqualification because they are still in effect and the new rule recently considered by

my colleagues is patently unconstitutional.

**Reasons for Denial of Plaintiff's Motion to Disqualify**

A. **No new claims of bias have been raised and those raised are without merit**
    **and have been repeatedly and unsuccessfully previously litigated by**
    **plaintiff's counsel**

Plaintiff's counsel (and his firm) has filed numerous motions for my recusal, either in his capacity as a party or as an attorney on behalf of his clients. Each of the prior motions has involved various allegations of claimed bias, principally stemming from my Michigan Supreme Court judicial campaigns.[1] Significantly, the current motion asserts no new factual basis for recusal than the more than a dozen previous disqualification motions plaintiff's counsel has filed against me. Moreover, even though it asserts no new grounds for disqualification, this motion was strategically filed on the eve of oral arguments in this case.

As stated, plaintiff's counsel has sought my recusal on numerous occasions. After careful consideration, and in accordance with this Court's longstanding practice of handling motions for judicial recusal,[2] I have denied each of these prior motions as lacking merit. While counsel's political life outside the courtroom has relevance in that

---

[1] By counsel's own admission, he has filed motions for my recusal in the following cases: *Tate v City of Dearborn*, 477 Mich 1101 (2007); *Johnson v Henry Ford Hosp*, 477 Mich 1098 (2007); *Flemister v Traveling Med Services, P.C.*, 729 NW2d 222 (2007); *Short v Antonini*, 729 NW2d 218 (2007); *Ansari v Gold*, 477 Mich 1076 (2007); *State Automobile Mut Ins Co v Fieger*, 477 Mich 1068 (2007); *Grievance Administrator v Fieger*, 476 Mich 231 (2006); *Lewis v St John Hosp*, 474 Mich 1089 (2006); *Heikkila v North Star Trucking, Inc*, 474 Mich 1080 (2006); *Stamplis v St John Health Sys*, 474 Mich 1017 (2006); *McDowell v Detroit*, 474 Mich 999 (2006); *Harter v Grand Aerie Fraternal Order of Eagles*, 693 NW2d 381 (2005); *Gilbert v DaimlerChrysler Corp*, 469 Mich 883 (2003); *Graves v Warner Bros*, 469 Mich 853 (2003).

[2] As has been explained previously, see, e.g., *Johnson*, *supra*, 477 Mich at 1099, this Court's longstanding practice of judicial recusal is nearly identical to that of the United States Supreme Court. See also Statement of Recusal Policy, United States Supreme Court, November 1, 1993, available at 483 Mich 1237.

realm, it has no bearing on my consideration of his or his clients' legal matters.[3] Counsel's clients are entitled to justice under law, no more or less. I have previously and will continue to entertain the arguments counsel makes on behalf of his clients with due regard to their merits under law. As explained in the brief opposing the motion for disqualification, some of my decisions in cases involving plaintiff's counsel have been favorable to counsel's position,[4] while others have not been favorable, as the merits of each case required.

Heretofore, the only appeal from a Michigan Supreme Court Justice's denial of a motion for disqualification was to the Supreme Court of the United States and plaintiff's counsel has availed himself of that appellate route. Plaintiff's counsel has appealed my previous denials of his motions to disqualify to the United States Supreme Court at least three times, and that Court has denied certiorari on each occasion.[5] Moreover, counsel

---

[3] Indeed, I have ruled both for and against Mr. Fieger when *he* was the party. See, e.g., *Grievance Administrator v Fieger*, 670 NW2d 563 (2003). What has always and only mattered and will continue to matter to me is the *merits* of his and his client's claims.

[4] *See, e.g., Beaudrie v Henderson*, 465 Mich 124 (2001); *Amtower v William C Roney & Co*, 232 Mich App 226 (1999). Moreover, I have denied leave to appeal in numerous other circumstances where counsel has received relief from the Court of Appeals. *See, e.g.*, *Cauff v Fieger, Fieger, Kenney & Johnson, PC*, 483 Mich 1021 (2009); *Wilson v Keim*, 483 Mich 900 (2009); *Rodriguez v ASE Industries, Inc*, 483 Mich 853 (2009); *Overbay v Botsford Gen Hosp*, 482 Mich 1154 (2008); *Jackson-Ruffin v Metro Cars, Inc*, 482 Mich 1017 (2008); *LaBarge v Walgreen Co*, 480 Mich 1136 (2008); *Briggs v Oakland Co*, 480 Mich 1006 (2007); *Conn v Asplundh Tree Expert Co*, 478 Mich 930 (2007); *Janusz v Sterling Millwork, Inc*, 476 Mich 859 (2006).

[5] *Graves, supra*, cert den 542 US 920 (2004); *Gilbert v DaimlerChrysler Corp, supra*, cert den 546 US 821 (2005); *Grievance Administrator v Fieger, supra*, cert den 549 US 1205 (2007).

3

has litigated in federal court the constitutionality of this Court's historic practice of handling motions for judicial recusal under which I am deciding this motion.[6] Again, he has been unsuccessful.[7] This history of litigation in the federal courts further underscores that plaintiff's claims of prejudice are without merit.

**B.** ***Caperton* has no applicability to plaintiff's motion to disqualify**

While there is nothing new presented in plaintiff's motion to disqualify that has not been considered and rejected more than a dozen times, there is one area of the law that *has* changed since counsel's last motion for recusal. The United States Supreme Court recently decided *Caperton v Massey* and required a justice's recusal in what it repeatedly described as an "extraordinary situation" based on "extreme facts."[8] In *Caperton*, the Court concluded that "there is a serious risk of actual bias—based on objective and reasonable perceptions—when a person with a personal stake in a particular case had a significant and disproportionate influence in placing the judge on the case by raising funds or directing the judge's election campaign when the case was pending or imminent."[9] Plaintiff's motion does not make any allegations of this nature. Accordingly, *Caperton* is inapposite to counsel's motion and does not require my recusal.

---

[6] *Fieger v Ferry*, 2007 WL 2827801 (E D Mich, 2007).

[7] *Id.*

[8] *Caperton v AT Massey Coal Co, Inc,* 556 US __, 129 S Ct 2252, 2263 (2009).

[9] *Id. at _____*, 129 S Ct at 2263-2264.

4

For all of these reasons, I therefore deny plaintiff's motion for recusal. I direct that the Clerk of the Court transmit my denial statement to the parties forthwith.

Justice Robert P. Young, Jr.
Michigan Supreme Court