*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0278p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

LINDA GILBERT, et al.,

               *Plaintiffs-Appellants,*

    *v.*

JOHN D. FERRY, JR., et al.,

               *Defendants-Appellees.*

No. 04-1207

———————————

Filed: June 24, 2005

Before: BOGGS, Chief Judge; KENNEDY and MARTIN, Circuit Judges.

———————————

**ORDER**

———————————

On March 24, 2005, Plaintiffs filed a petition for rehearing of our decision in *Gilbert v. Ferry*, 401 F.3d 411 (6th Cir. 2005). In light of the Supreme Court's decision in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 125 S. Ct. 1517 (2005), we grant the Plaintiffs' petition for rehearing and we vacate section II.A. of our opinion, which relates to the application of the *Rooker/Feldman* doctrine.

However, we continue to affirm the district court's dismissal of Plaintiffs' action on the alternative basis. That is, although the district court (in light of *Exxon*) had jurisdiction over Plaintiffs' claims, *Younger* abstention would also support the district court's action. *See Exxon*, 125 S. Ct. at 1526-27 (noting that although "the pendency of an action in [a] state court is no bar to proceedings concerning the same matter in [a] [f]ederal court having jurisdiction[,] [c]omity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation.") (internal quotations and citations omitted).

We further conclude that collateral estoppel precludes the maintenance of the Plaintiffs' action. As the Court explained in *Exxon*, the disposition of an ongoing federal action (that was filed before the entry of judgment in a parallel state court case) is governed by preclusion law once a parallel state court adjudication is complete, as it is here. 125 S. Ct. at 1527.

We recognize that collateral estoppel is an affirmative defense which is ordinarily deemed waived if not raised in the pleadings. The Defendants did not raise collateral estoppel to the district court. However, "[f]ailure to raise an affirmative defense by responsive pleading does not always result in waiver." *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (citing *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.3d 1439, 1445 (6th Cir. 1993)). Rather, we may overlook waiver and address the preclusion issue. *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 329 (9th Cir. 1995); *see also Smith*, 117 F.3d at 969 (holding that the district court did not abuse its discretion in allowing

1

defense of collateral estoppel to be raised in motion for summary judgment).    The purposes of collateral estoppel are to shield litigants (and the judicial system) from the burden of re-litigating identical issues and to avoid inconsistent results. *See* 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4403 at 11-18. If the prevailing party in a previous action fails to raise collateral estoppel as a defense to a subsequent action, and if the parties in fact re-litigate the issue, then the party who failed to raise collateral estoppel should be deemed to have waived it since the purpose served by collateral estoppel (to prevent the re-litigation of issues) has been fatally compromised. In this case, at the time the Plaintiffs filed their complaint in federal court, there had been no state judgment, and thus no ground for the Defendants to have raised collateral estoppel. Shortly thereafter, a state court judgment was rendered (when the Michigan Supreme Court justices denied the Plaintiffs' motion to recuse). At this point, the Defendants could have raised collateral estoppel.   Although they did not raise collateral estoppel, the Defendants did raise the *Rooker/Feldman* doctrine. The basis upon which the Defendants' *Rooker/Feldman* argument rests is the same basis upon which the Defendants' collateral estoppel argument would have rested (if they had raised it), namely, that the issue in dispute in the Plaintiffs' federal claims was previously decided in state court. Since the Defendants raised the fact that the issue in dispute in federal court had been previously litigated in state court in an effort to prevent its re-litigation, and since "[w]here the plaintiffs have had a full and fair opportunity to actually litigate the issue and did in fact litigate it, they can not ordinarily be prejudiced by subsequently being held to the prior determination[,]" we will apply collateral estoppel in this case despite the Defendants' failure to raise the issue properly.[1]  *Clements,* 69 F.3d at 330.

As the Court re-iterated in *Exxon*, the "Full Faith and Credit Act . . . requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Exxon*, 125 S. Ct. at 1527 (quoting *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)). In Michigan, "for collateral estoppel to apply three elements must be satisfied: (1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue;' and (3) 'there must be mutuality of estoppel.'" *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 681 (2004) (quoting *Storey v. Meijer, Inc.,* 431 Mich. 368, 373 n.3 (1988)) (alteration in original and footnote omitted).

As to the mutuality requirement, the *Monat* court held that mutuality was not required when collateral estoppel was being used defensively. 469 Mich. at 691 ("[W]e believe that the lack of mutuality of estoppel should not preclude the use of collateral estoppel when it is asserted defensively to prevent a party from relitigating an issue that such party has already had a full and fair opportunity to litigate in a prior suit."). Since the Defendants are using defensive collateral estoppel in this case, mutuality is not required.

We also conclude that the other two requirements have been met. First, the issue raised in the Plaintiffs' federal claims was actually litigated and determined by a valid and final judgment. "When an issue is properly raised, . . . submitted for determination, and is determined, the issue is actually litigated . . . ." Restatement (Second) of Judgments § 27 cmt. d (1982). In this case, the Plaintiffs moved to recuse the Defendant justices from sitting on cases involving the Plaintiffs because, they argued, the probability of actual bias on part of the Defendant justices toward

---

[1] The Plaintiffs filed their petition for rehearing before the Court issued its opinion in *Exxon*. After the Court issued its *Exxon* opinion, the Plaintiffs then filed a motion to vacate our opinion in *Gilbert* and remand to the district court. In response to this motion, the Defendants noted not only that *Gilbert* should be affirmed on the basis of *Younger* abstention (the alternative ground announced in the opinion), but also that collateral estoppel precluded the maintenance of the Plaintiffs' federal claims. In reply to the Defendants' response, the Plaintiffs simply argued that collateral estoppel did not apply because there had been no prior state court judgment. They did not argue that the Defendants had waived their right to raise collateral estoppel. This further supports our decision to consider the issue.

Plaintiffs' counsel was too high to be constitutionally tolerable. This issue was determined against them when the motions to recuse were denied. Moreover, this is the same issue that the Plaintiffs raised in their federal claim.

In determining whether the matter presented in the second action and that presented in the first are the same, we consider the argument and evidence advanced in the second proceeding and that advanced in the first. *Id.* at cmt. c. The Plaintiffs presented the same argument and evidence in both claims, namely, that the Defendant justices failure to recuse themselves violated their constitutional right to a fair trial before an impartial tribunal since the Defendant justices had an improper pecuniary interest in a case before them involving (some of) the Plaintiffs and that the justices had expressed professional animus toward the Plaintiffs' counsel (who was also a Plaintiff in this case). Moreover, the fact that the Defendant justices denied the motions to recuse only after the Plaintiffs filed their federal complaint does not counsel against the invocation of collateral estoppel. When there are two simultaneously pending actions, the first action to reach judgment "becomes conclusive in the other action." *Id.* at cmt. l. Therefore, the Defendant justices' denials of the motions to recuse constitute a valid and final judgment, which invoked collateral estoppel principles in the still-pending federal action.

Finally, the Plaintiffs had a full and fair opportunity to litigate the issue.[2] The Plaintiffs had a more than adequate opportunity to raise their constitutional challenge in state court, as evidenced by the fact that their lengthy brief in support of their motion to recuse contained the same arguments and assertions as presented in their complaint filed in federal court. In determining whether a party has had a full and fair opportunity to litigate, the *Monat* court instructed that a court should look to the factors set forth in §§ 28-29 of the Restatement (Second) of Judgments. 469 Mich. at 847 n.2. These sections provide factors that, if found, support the finding that the re-litigation of an issue in a subsequent action between parties is not precluded even though the issue has been actually litigated and determined by a final and valid judgment. After considering these factors, we conclude that they do not support such a finding.

For instance, § 28(1) provides that if the "party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action," then re-litigation of the issue in a subsequent action should be permitted. In this case, the Plaintiffs could (and some in fact did) seek review of the state court's adverse determination of their motions to recuse by seeking certiorari to the United States Supreme Court. *See Graves v. Warner Bros.*, 469 Mich. 853 (Mich. Oct. 10, 2003), *cert. denied*, 124 S. Ct. 2884 (2004).[3] Moreover, re-litigation of the issue is not required since the issue is one of law and the two actions involve claims that are *not* substantially unrelated; nor is re-litigation of the issue required as the Plaintiffs did not have a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action. Restatement (Second) of Judgments § 28(2)-(3).

---

[2] Although the issue was decided through a motion to recuse, rather than a motion for judgment or after trial, that does not militate against the conclusion that the Plaintiffs had a full opportunity to litigate the issue.

[3] The question presented for review in Plaintiffs Graves' and Amedure's petition for a Writ of Certiorari was as follows: "Have the Petitioners been deprived of their . . . Due Process [rights] under the Fourteenth Amendment, by the refusal of . . . Michigan Supreme Court [justices] to recuse themselves, and in deciding an appeal when they have openly expressed prejudice and bias toward an attorney involved in the case?"

For the foregoing reasons, we AFFIRM the dismissal of Plaintiffs' action on the ground of *Younger* abstention, and conclude that collateral estoppel would preclude the maintenance of Plaintiffs' action.

Further, we deny the petition for rehearing in all other respects.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green

Clerk