*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0118p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

GEOFFREY NELS FIEGER,

        *Plaintiff-Appellant,*

        *v.*

MAURA D. CORRIGAN; ROBERT P. YOUNG, JR.; STEPHEN J. MARKMAN, in their official capacities,

        *Defendants-Appellees.*

No. 08-1122

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 07-13923—Marianne O. Battani, District Judge.

Argued: June 10, 2009

Decided and Filed: April 28, 2010

Before: MARTIN, RYAN, and SUTTON, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Michael R. Dezsi, FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C., Southfield, Michigan, for Appellant. Heather S. Meingast, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellees. **ON BRIEF:** Michael R. Dezsi, FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C., Southfield, Michigan, for Appellant. Heather S. Meingast, Margaret A. Nelson, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellees.

_____

**OPINION**

_____

BOYCE F. MARTIN, JR., Circuit Judge. This is another case brought by Michigan trial attorney and politician Geoffrey Fieger regarding his feud with several justices of the Michigan Supreme Court. *See, e.g.*, *Fieger v. Gromek (Fieger IV)*, Slip Op., No. 07-2342, 2010 WL 1565484 (6th Cir. Apr. 21, 2010); *Fieger v. Mich. Sup. Ct. (Fieger III)*, 553 F.3d

1

955 (6th Cir. 2009); *Fieger v. Ferry (Fieger II)*, 471 F.3d 637 (6th Cir. 2006); *Gilbert v. Ferry (Fieger I)*,[1] 413 F.3d 578 (6th Cir. 2005). Each of his previous cases in this Court involved some variation on a constant theme: Fieger and the Michigan justices (who must stand for re-election[2] and, thus, commonly make public statements) have been involved in an on-going public spat and that, in retaliation against Fieger, the justices had voted to overturn large jury verdicts that Fieger's firm had won on behalf of its clients. Both this case and *Fieger IV* involve the same allegations: (1) the Michigan justices had unjustifiably refused to recuse themselves from cases in which Fieger represented the plaintiffs, and (2) these justices are likely to continue to refuse to recuse themselves in Fieger's future cases. In this case, Fieger seeks a declaration that Michigan's recusal rules deny him his constitutional right to a fair tribunal in which to be heard.

We have characterized some of Fieger's previous claims as attempts to seek collateral federal court review of state court decisions (*i.e.* the decision not to recuse) with which Fieger did not agree, and therefore barred those claims under the *Rooker-Feldman* doctrine. *Fieger II*, 471 F.3d at 644. This case is a bit different. Here, Fieger essentially seeks collateral federal court review of a previous federal court decision, albeit issued by the same federal court, with which he does not agree. In 2004, Fieger filed suit in the United States District Court for the Eastern District of Michigan (the "2004 case"), which resulted in both the *Fieger II* and *Fieger IV* opinions. In the 2004 case, Fieger complained of the Michigan justices' past refusals to recuse themselves and brought facial and as-applied constitutional challenges to Michigan's judicial recusal rule. The district court dismissed Fieger's Complaint on *Rooker-Feldman* grounds. On appeal, this Court affirmed in part, reversed in part, and remanded the case to address

---

[1] Fieger was a plaintiff in *Fieger I*; Linda Gilbert was one of Fieger's clients.

[2] We note that defendant Clifford W. Taylor, former Chief Justice of the Michigan Supreme Court, did not win re-election in 2008 and thus is no longer a proper party in Fieger's forward-looking challenges to Michigan's judicial recusal rules, which are the only claims in this case. *Fieger IV*, 2010 WL 1565484, at *1 n.2. We have therefore substituted Justice Maura Corrigan as the first-named defendant in accordance with Federal Rule of Civil Procedure 25.

Fieger's claims insofar as they concerned future recusal decisions, as those claims would not implicate *Rooker-Feldman*. *Id.* at 646.

On *Fieger II*'s remand of the 2004 case, the district court heard argument on the defendants' renewed motion to dismiss. According to Fieger, the district court seemed to be leaning towards dismissing the 2004 case again, which Fieger, of course, believes was the wrong way to lean. He therefore brought the instant case—again in the United States District Court for the Eastern District of Michigan, but before that court had actually issued its decision on the renewed motion to dismiss in the 2004 case—alleging the identical as-applied challenges that he brought in the 2004 case against the same parties. *See* Appellant's Br. at 5 ("The issues raised herein were first filed in the district court on April 9, 2004. *Fieger v. Ferry* [*Fieger II*], Docket No. 04-60089.").

After Fieger filed the instant suit, the district court did, in fact, dismiss the 2004 case after the *Fieger II* remand. Fieger once again appealed the district court's ruling in the 2004 case, while the instant case was still before the district court. On April 21, 2010, another panel of this Court issued an opinion dismissing Fieger's forward-looking declaratory judgment claims in the 2004 case as moot because, in the intervening period, the Michigan Supreme Court amended its recusal rules in a manner that substantially addressed Fieger's claims against the justices of the Michigan Supreme Court. *Fieger IV*, 2010 WL 1565484, at *4-5.

If the reader finds the above procedural background to be odd, we agree; so too, apparently, did the district court. Faced with Fieger's request to review its prior decision, the district court found that *res judicata* applied and dismissed the case.

We agree that dismissal was appropriate, though we do not endorse the district court's application of the formal *res judicata* doctrine. This is not a *res judicata* case.[3]

---

[3]The textbook application of the *res judicata* doctrine requires: (1) a final decision on the merits of the first action by a court of competent jurisdiction; (2) that the second action involve the same parties, or their privies, as the first; (3) that the second action raise an issue actually litigated or which should have been litigated in the first action; and (4) identity of claims. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). Here, the second, third, and fourth prongs are clearly met. The parties are the same or are privies of each other, both cases involve the constitutionality of Michigan's recusal rules for Supreme Court justices, and the claims in this case are either identical to the claims in the 2004 case or could have been brought in the 2004 case. The only element not technically met is the requirement of a

At the time the district court issued its decision in this case, the 2004 case was on appeal and therefore not final. Furthermore, on appeal, *Fieger IV* was decided on mootness grounds, so the 2004 case did not result in a final judgment on the merits to which we could now give preclusive effect. However, the principles underlying *res judicata* still operate to bar Fieger from bringing materially identical cases in rapid succession. Litigants may not escape *res judicata*'s preclusive finality merely by filing a new, identical case before the prior case becomes final. The 2004 case was Fieger's exclusive vehicle for pursuing any claims he may have had against the justices of the Michigan Supreme Court at that time. Any claims that he had were either in that case or should have been in that case.

It follows, then, that because the claims in this case substantially mirror the claims in the 2004 case, so too should the result. *See, e.g.*, *Dingle v. Bioport Corp.*, 388 F.3d 209, 215 (6th Cir. 2004) (noting that subsequent panels are bound by the decisions of prior panels). Because the claims in the 2004 case were mooted by Michigan's subsequent revision of its recusal rules, *Fieger IV*, 2010 WL 1565484, at *4-5, this case is also moot.

For these reasons, we **DISMISS** this appeal as **MOOT**, and we expect that our Court's role in the drama between Fieger and the Michigan justices has finally come to a close.

---

final judgment on the merits, as here the final judgment rests on mootness grounds.