*Liberte v. Pallito*, 564-9-14 Wncv (Tomasi, J., Jan. 22, 2016)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                          CIVIL DIVISION
Washington Unit                                    Docket No. 564-9-14 Wncv

| Liberte vs. Pallito |
|---|

## ENTRY REGARDING MOTION

Count 1, Review of Governmental Action (564-9-14 Wncv)
Title:          Motion (Dft) to Dismiss (Motion 5)
Filer:          Andrew Pallito
Attorney:       Andrew Gilbertson
Filed Date:     December 28, 2015

Response filed on 01/21/2016 by Attorney Patricia M. Lancaster for Plaintiff Robin Liberte
        plaintiffs opposition to Motion to Dismiss, certificate of Service;

Opinion and Order on Motion to Dismiss

Petitioner Robin Liberte initiated this case under Vt. R. Civ. P. 75 claiming that the Department of Corrections had convicted him of a disciplinary violation ("DR") in a procedurally deficient manner. He requested that the Court vacate the conviction and order expungement. During the pendency of this case, Mr. Liberte reached the maximum term of his sentence and was released. The State then filed a Motion to Dismiss arguing that this case had become moot.

"The general rule is that a case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *In re S.H.*, 141 Vt. 278, 280 (1982) (explaining that minor's appeal of placement in restrictive school became moot when she was released from it); *see also In re Moriarty*, 156 Vt. 160, 163 (1991) ("A case is moot if the reviewing court can no longer grant effective relief." (citation omitted)). A case is not moot, however, when there remain "negative collateral consequences" or when "the underlying situation is capable of repetition, yet evades review." *In re P.S.*, 167 Vt. 63, 67 (1997).

Mr. Liberte's completion of his sentence moots the claim concerning his DR. The Court no longer can grant effective relief, and he has no legally cognizable interest in expungement. There is no indication that the events of this case are likely to repeat or would be of such duration, if they did, that they would evade review. Nor has Mr. Liberte identified any negative collateral consequence sufficient to show any continuing need for relief. *See Miller v. Hofmann*, No. 2008-102, 2008 WL 4561459, at *2 (Vt. Oct. 2008) (unpub.) (re-release on conditional furlough release moots appeal of initial furlough violation decision; future collateral

consequences purely speculative); *see also United States v. Meyers*, 200 F.3d 715, 722 (10th Cir. 2000) (completion of sentence moots review of revocation of supervised release; potential effect on subsequent incarceration too speculative); *State v. Moore*, 210 P.3d 967, 971 (Utah Ct. App. 2009) ("T]he hypothetical impact of the disciplinary record on a future parole hearing does not create a collateral legal consequence" that avoids mootness.).

Mr. Liberte has asserted that a conclusion of mootness in this case would reward the State's foot-dragging. There is no evidence of such delay on the State's part in this case, however, and the argument would be unavailing in any event. As the United States Supreme Court has said in response to the same argument: "But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

The Court understands that Mr. Liberte is concerned about the effect that this decision may have on a future action, should he choose to bring one, for damages based on the same underlying events. The Court merely notes that, while this decision may have continuing force as to the mootness issue actually decided, a court's dismissal on mootness grounds generally does "not result in a final judgment on the merits … [that would have] preclusive effect." *Fieger v. Corrigan*, 602 F.3d 775, 778 (6th Cir. 2010).

## ORDER

For the foregoing reasons, the State's Motion to Dismiss is granted.

Electronically signed on January 21, 2016 at 05:12 PM pursuant to V.R.E.F. 7(d).


_____
Timothy B. Tomasi
Superior Court Judge